# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See other side for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street; Hartford, CT 06106 | ( 860 ) 548-2700 | February 20, 2018 |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: M   Minor: 90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 667-0839 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☐ Yes  ☒ No | Email address for delivery of papers under Section 10-13 (if agreed to) |
|---|---|---|

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: MONROE, Scott<br>Address: 27 Deborah Road; Windsor Locks, CT 06096 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: J.H.O.C., INC., d/b/a PREMIER TRANSPORTATION; 323 Cash Memorial Blvd.; Forest Park, GA 30297<br>Address: Agent: Incorp Services, Inc.; 6 Landmark Sq.; 4th floor; Stamford, CT 06901 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left James V. Sabatini, Esquire | Date signed 1-_-18 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**RETURN DATE: February 20, 2018**

| | | |
|---|---|---|
| **SCOTT MONROE** | : | **SUPERIOR COURT** |
| **VS.** | : | **HARTFORD JUDICIAL DISTRICT** |
| **J.H.O.C., INC. d/b/a PREMIER TRANSPORTATION** | : | **JANUARY 23, 2018** |

## COMPLAINT

1. Plaintiff Scott Monroe was and is a citizen of the State of Connecticut residing in the Town of Windsor Locks.

2. Defendant J.H.O.C., Inc. was and is corporation organized and existing under the laws of the State of Alabama with a principal place of business located at 323 Cash Memorial Boulevard, Forest Park, Georgia 30297.

3. Defendant does business as Premier Transportation.

4. Defendant owns and operates a facility located at 129 West Dudley Town Road, Bloomfield, Connecticut 06002.

5. Defendant hired plaintiff in June 2008.

6. Plaintiff's job position was truck driver.

7. Plaintiff was qualified for the job.

8. Plaintiff performed his job at or above a satisfactory level.

9. Defendant employs Dan Gardner.

10. Gardner is a dispatcher.

11. Gardner was not properly recording plaintiff's work time.

12. Because Gardner was not properly recording plaintiff's work time; plaintiff was not being paid for certain time worked.

13. In December 2015, plaintiff complained, multiple times, to the defendant that his work time was not being accurately recorded and thus was not being paid for all the time worked.

14. On January 27, 2016, Gardner left plaintiff a message stating that he had missed a random drug test.

15. Plaintiff returned Gardner's message by calling him.

16. Plaintiff reached Gardner by phone and asked Gardner what drug test.

17. Gardner told plaintiff that he was supposed to a take a drug test a week ago.

18. Plaintiff told Gardner that he was never notified about the drug test.

19. Gardner said it must have been a miscommunication between himself and the plaintiff and that the plaintiff should take the drug test at Concentra in Windsor, Connecticut on January 28, 2016.

20. Plaintiff returned to Connecticut at or about 3:00 am on January 28, 2016.

21. Around 8:30 am, plaintiff was getting ready to go to Concentra when he received a telephone call Bill Lang.

22. Lang is defendant's president.

23. Lang told plaintiff that Gardner stated that plaintiff had refused to take a drug test.

24. Plaintiff told Lang that he never refused a drug test, that he had spoked to Gardner and that he was going now to take the drug test.

25. Lang told plaintiff not to go over to the facility yet to get tested and he will call him back.

26. About 10 minutes later, Lang called plaintiff back and stated that plaintiff had been told to get drug tested a week ago, that plaintiff did not go, and he was being let go.

27. Plaintiff told Lang that it is hard to go to something that you are not notified about.

28. Lang told plaintiff that he failed to follow the DOT regulation by refusing to take the test.

29. Plaintiff has driven trucks for a living for years.

30. Plaintiff has always submitted to random drug tests.

31. Plaintiff has always past the drug tests.

32. Plaintiff filed for unemployment benefits after defendant terminated his employment.

33. Defendant objected to plaintiff's claim for unemployment benefits.

34. At the unemployment hearing, Gardner testified that he told plaintiff on January 21 while plaintiff was at the home terminal to go take a random drug test.

35. The home terminal was Bloomfield, Connecticut.

36. Plaintiff was not present at the home terminal on January 21.

37. Plaintiff was in North Bergen, New Jersey on January 21.

38. Defendant failed to provide the Connecticut Department of Labor with a copy of its drug testing policy and failed to provide the Connecticut Department of Labor with a completed UC 843, Drug and Alcohol Testing Questionnaire.

39. Defendant terminated plaintiff because plaintiff complained about not having all of his time worked recorded and not being paid wages for all the time worked.

40. Defendant's explanation for the termination is a pretext to mask the unlawful motivating reason.

## FIRST COUNT
## (FLSA - RETALIATION)

1. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-40 as though fully set forth herein.

41. Defendant terminated the plaintiff's employment in retaliation for the plaintiff notifying the defendant that he was not having all his work time documented and that he was not being paid wages for the time he worked.

42. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215 (a)(3)) by retaliation against plaintiff for exercising rights protected under the Act.

43. Defendant's retaliation was willful.

44. As a result of the retaliation, plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3); 29 U.S.C. § 216(b).

## SECOND COUNT
## (Wrongful Discharge in Violation of Important Public Policy)

1. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-44 as though fully set forth herein.

45. Connecticut's Wage and Hour Law, C.G.S. §31-58 *et seq.* embodies a strong public policy of ensuring that workers have all their work time recorded by their employers and that they are paid for the all the worked.

46. By internally complaining to the defendant about his work time not being fully recorded and not being paid for all the time he worked, plaintiff was reporting to the defendant of a violation or suspected violation of Connecticut state law.

47. Defendant terminated plaintiff's employment in retaliation for internally complaining about a violation or suspected violation of Connecticut's Wage and Hour Law, C.G.S. §31-58 *et seq*.

48. As a result of the wrongful discharge, plaintiff suffered harms and losses.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, , emotional distress; reasonable attorneys' fees; costs; consequential damages; interest; prejudgment interest; post judgment interest; damages under the FLSA, 29 U.S.C. § 215(a)(3); 29 U.S.C. § 216(b); for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

• Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 23rd day of January, 2018.

---

James V. Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

---

James Sabatini

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.